IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AVL POWERTRAIN ENGINEERING, INC.,

                    Plaintiff,                    OPINION AND ORDER

  v.

                                                14-cv-877-wmc

FAIRBANKS MORSE ENGINE, a division of
COLTEC INDUSTRIES, INC.,

                    Defendant.

---

This case is set for jury trial commencing April 25, 2016. In advance of the final pretrial conference scheduled April 19, 2016, the court issues the following opinion on the parties' respective motions *in limine*. (Dkts. ##58, 60, 70, 72.)

OPINION

I. Plaintiff's Motions *in Limine*

    **A. MIL to exclude all evidence and references to uncommunicated intent (dkt. #70)**

Plaintiff seeks an order precluding defendant from offering evidence regarding its intent as to (1) the scope of the indemnification provision in Section 11.1 of the Master Agreement, and (2) the meaning of the term "conventional business model" in the Master Agreement. Generally, the parol evidence rule in Wisconsin prohibits inquiry into the intent of parties to an unambiguous, integrated written agreement. *Town Bank v. City Real Estates Dev., LLC*, 2010 WI 134, ¶¶ 36-37, 330 Wis. 2d 340, 793 N.W.2d 476; *State ex. rel. Journal/Sentinel, Inc. v. Pleva*, 155 Wis. 2d 704, 711, 456 N.W.2d 359 (1990).

An exception to this rule applies when the clause or term of a contract is determined to be ambiguous as a matter of law, as the court did here in its summary judgment decision. In that case, the trier of fact *can* "consider extrinsic evidence to resolve the parties' intent." *Town Bank*, 2010 WI at ¶ 33. Intent is still viewed objectively, however, not subjectively. *See Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 814 (7th Cir. 1987) ("Like most other states, Wisconsin takes an objective view of 'intent.'").

Since FME never disclosed to AVL what it intended with regard to the scope of Section 11.1 or the meaning of "conventional business model," AVL naturally argues that any undisclosed intent is not admissible under Wisconsin law. FME argues in response that "the concept of 'undisclosed intent' arises in the context of implied contracts, not when interpreting ambiguous language in binding written contracts." (Def.'s Opp'n Br. (dkt. #98) at 4.) Why this should be so is left unexplained. It is also inconsistent with Wisconsin law.

As the Wisconsin Court of Appeals explained in *Kernz v. J.L. French Corp.*, 2003 WI App 140, 266 Wis. 2d 124, 667 N.W.2d 751:

> Thus, the creation of an enforceable agreement is usually predicated on the language used in the contract and the *expressed* intentions of the parties. *See Shetney v. Shetney*, 49 Wis. 2d 26, 38-39 (1970) ("It is not enough that the parties think that they have made a contract; they must have expressed their intentions in a manner that is capable of understanding. It is not even enough that they have actually agreed, if their expressions, when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of that agreement are." (quoting 1 Corbin *Contracts* § 95 at 394); *Goossen v. Estate of Standaert*, 189 Wis. 2d 237, 246, 525 N.W.2d 314 (Ct. App. 1994) ("Whether the parties reached the necessary agreement as to the term depends upon the parties' expression of intention.").

*Id*. at ¶ 21 (emphasis in original).

In so holding, the *Kernz* court quoted approvingly from the Seventh Circuit's similar explanation of Wisconsin law in *Skycom Corp. v. Telstart Corp.*, 813 F.2d 810 (7th Cir. 1987).

> Yet "intent" does not invite a tour through [a party's] cranium, with [that party] as the guide. Like most other states, Wisconsin takes an objective view of "intent." "The intent of the parties [to be bound] must necessarily be derived from a consideration of their words, written and oral, and their actions." *Household Utilities, Inc. v. Andrews Co.*, 71 Wis. 2d 17, 28-29, 236 N.W.2d 663, 669 (1976). Secret hopes and wishes count for nothing. The status of a document as a contract depends on what the parties express to each other and to the world, not on what they keep to themselves.

*Kernz*, 2003 WI App. at ¶ 22 (quoting *Skycom,* 815 F.2d at 814-15 (citation omitted)). Accordingly, evidence of uncommunicated subjective belief of one party is generally not admissible to supply meaning to an ambiguous contract term[.]" *Id*. at ¶ 24.

The only exception to this rule that the court is aware of was noted in *Kernz* itself: "If two parties expressly agree to the use of an ambiguous contract phrase or subjectively agree on the meaning of that phrase, but neither communicates this subjective agreement to the other, we see no reason why their subjective agreement should not control." *Id*. at ¶ 25. Absent evidence that "the parties' uncommunicated subjective intents converge," any evidence of intent that was not communicated to the other party is inadmissible in resolving ambiguous contract provisions under Wisconsin law. Since there would appear no contemporaneous evidence of mutual, unexpressed intent, plaintiff's motion will be GRANTED.

That said, defendant raises a separate question with respect to the phrase "congruent with FME's conventional business model": whether the meaning of that language in the Master Agreement is relevant to plaintiff's remaining breach of contract

3

claim at all. Indeed, that phrase would appear to modify only the third category of engines mentioned in the provision in which it appears, or else the first two categories of engines listed would be rendered mere surplusage. The court will hear arguments from the parties at the final pretrial conference as to the relevance of that language.

### B. MIL to exclude the opinions of Clayton Raasch (dkt. #72)

Plaintiff also brings a challenge to exclude the opinions of FME's technical expert, Clayton Raasch. The admissibility of expert testimony in federal courts is governed principally by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). A district court functions as a "gatekeeper" regarding expert testimony. The court must determine whether a party's proffered expert testimony is "not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *see also United States v. Johnsted*, 30 F. Supp. 3d 814, 816 (W.D. Wis. 2013).

Plaintiff challenges all three of the principle opinions offered by Raasch in his report:

> (1) "the efforts of FME and AVL with the WDNR to increase allowable fuel usage were correct, conservative and reasonable";
>
> (2) "FME was in material compliance with all applicable air quality requirements related to engine testing at the time the Master Agreement was signed on August 28, 2008"; and
>
> (3) "the CD FME signed with US EPA, including the SEP did not hinder FME's ability to seek a new air permit for the Beloit Facility with a higher fuel usage limit

to help AVL try to obtain more fuel capacity to increase AVL's engine testing at the Beloit Facility."

(Decl. of Rachel Graham Ex. B (dkt. #39-2) at 4-1.)

Taking the second opinion first, plaintiff's motion will be denied as moot, given that it is only relevant to plaintiff's claims based on alleged fraud in the inducment made by FME, on which the court granted summary judgment in defendant's favor. (4/15/16 Op. & Order (dkt. #109).) With respect to Raasch's other two opinions, the court will hear arguments from the parties as to their possible relevance. Accordingly, this portion of the motion is RESERVED, and the court will take up the issue of relevance at the final pretrial conference.

## II. Defendant's Motions *in Limine*

### A. MIL to bar any claim for prejudgment interest (dkt. #58)

Defendant seeks an order barring plaintiff from seeking prejudgment interest. Wisconsin "has long recognized 'the basic principle that prejudgment interest cannot be awarded on an unliquidated amount or one which is not capable of determination by application of some fixed standard.'" *Heritage Farms, Inc. v. Markel Ins. Co.*, 2012 WI 26, 339 Wis. 2d 125, 810 N.W.2d 465 (quoting *Nelson v. Travelers Ins. Co.*, 102 Wis. 2d 159, 167, 306 N.W.2d 71 (1981)); *see also Maslow Cooperage Corp. v. Weeks Pickle Co.*, 270 Wis. 179, 70 N.W.2d 577 (1955).

In response, plaintiff argues that its claim for "lost opportunity damages" does not amount to prejudgment interest. (Pl.'s Opp'n Br. (dkt. #89) at 4.) In so arguing,

5

plaintiff cites to *Matter of Estate of Kugler*, 117 Wis. 2d 314, 344 N.W.2d 160 (1984), a case in which the Wisconsin Supreme Court considered whether interest that could have been earned from funds an estate administrator had a duty to invest should be considered prejudgment interest, concluding that it should not. *Id.* at 328-31. Here, plaintiff's claim for "lost opportunity costs" in the form of interest is not *remotely* analogous to the type of direct damages from a failure to invest sought in *Matter of Kugler*. Plaintiff also cites to *Owens v. Meyer Sales Co.*, 129 Wis. 2d 491, 385 N.W.2d 234 (Ct. App. 1986), but that case is similarly inapposite since it concerned the recovery of damages for actual, out-of-pocket interest payments made based on fraud. *Id*. at 492.

In contrast, an award of prejudgment interest is for the *court* to award, based on plaintiff demonstrating that the damages it seeks are liquidated or determinable by application of some fixed standard, not for a jury. Since plaintiff cites to no authority under Wisconsin law distinguishing a prejudgment interest award from a so-called lost value of money or lost opportunity costs, defendant's motion will be GRANTED.

### B. MIL to bar plaintiff's claim for administrative personnel salaries as alleged rescission damages (dkt. #60)

Finally, defendant seeks an order barring plaintiff from seeking salaries it paid to administrative, sales and management personnel as rescissionary damages. In response, plaintiff acknowledges that these damages would only be recoverable on the basis of rescission. The court's order granting summary judgment to defendant on plaintiff's rescission claims, therefore, renders this motion moot. (4/15/16 Op. & Order (dkt. #109).)

6

ORDER

IT IS ORDERED that:

1) Defendant's motion *in limine* to bar plaintiff's claim for prejudgment interest (dkt. #58) is GRANTED.

2) Defendant's motion *in limine* to bar plaintiff's claim for administrative personnel salaries as alleged rescission damages (dkt. #60) is DENIED AS MOOT.

3) Plaintiff's motion *in limine* to exclude evidence of uncommunicated intent (dkt. #70) is GRANTED.

4) Plaintiff's motion *in limine* to exclude FME's expert Clayton Raasch's opinions (dkt. #72) is DENIED AS MOOT IN PART and RESERVED IN PART.

Entered this 18th day of April, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge